476 A.2d 52

Calvin E. SWAYZE, Jr.: Calvin E. Swayze, Jr. Administrator of the Estate of Gail I. Swayze, Deceased: Calvin E. Swayze, Jr., Executor of the Estate of Anna J. Swayze, Deceased, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

Superior Court of Pennsylvania.

Submitted Nov. 2, 1983.

Filed June 1, 1984.

P. Daniel Altland, Harrisburg, for appellant.

Richard H. Wix, Harrisburg, for appellee.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

WICKERSHAM, Judge:

Appellant instituted this action in assumpsit for recovery of survivors' loss benefits and work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act[1] as a result of an automobile accident that occurred on November 18, 1979 in Lancaster County. The accident resulted in the deaths of appellant's daughter, Gail I. Swayze, and his mother, Anna J. Swayze.

In counts I and II of his complaint, appellant alleged that he was entitled to recover survivors' loss benefits under the No-Fault Act as a result of the deaths of his daughter and mother. Appellee State Farm filed a motion for partial summary judgment as to counts I and II of the complaint. By order dated October 28, 1980, the Honorable Warren G. Morgan granted appellee's motion and dismissed those counts. The court found as a matter of law that appellant was not financially and economically dependent upon either decedent at the time of death, and therefore, not entitled to recover survivors' loss benefits under the No-fault Act. No appeal was taken from that order.

In counts III and IV of his complaint, appellant alleged that he was entitled to claim work loss benefits on behalf of the estates of his daughter and mother. By order of March 31, 1982, the Honorable Clarence C. Morrison dismissed counts III and IV of the complaint on State Farm's motion for summary judgment. This timely appeal followed.

The sole issue raised in this appeal is as follows:

Whether work loss benefits are payable under the Pennsylvania No-Fault Motor Vehicle Insurance Act to the estate of a deceased victim who was not survived by a

1. Act of July 19, 1974, P.L. 489, No. 176, §§ 101 *et seq.*, 40 P.S. §§ 1009.101 *et seq.*

spouse or other relative dependent upon him for financial support.

Brief for Appellant at 3.

In *Freeze v. Donegal Mutual Insurance Co.*, 301 Pa.Super. 344, 447 A.2d 999 (1982), our court held that a deceased victim's estate *is* entitled to work loss benefits. The Pennsylvania Supreme Court, speaking through Mr. Justice Larsen, affirmed our holding in *Freeze v. Donegal Mutual Insurance Co.*, 504 Pa. 218, 470 A.2d 958 (1983).

> Upon a close and careful examination of the No-fault Act, we find no language which precludes the recovery of work loss benefits to the estate of a deceased victim.
>
> . . . .
>
> Appellant argues that the language, *'any victim or any survivor of a deceased victim* is entitled to recover basic loss benefits,' demonstrates the legislative intent that only survivors of a deceased victim and not the estate may receive wage loss benefits. Apparently, this is because the estate of a deceased victim is not specifically mentioned.
>
> The appellant's argument, however, overlooks the very basic and fundamental fact that a person who dies as a result of injuries sustained in a motor vehicle accident is, within the meaning of the No-fault Act, a *victim*.[11]
>
> That an injured victim is entitled to basic loss benefits under the Act is beyond question. The fact that a 'victim' dies as a result of his injuries and becomes, a 'deceased victim,' makes him no less a 'victim' entitled to benefits under the provisions of the Act. A personal representative in the person of the executor or administrator of his estate stands in the shoes of the deceased victim as far as entitlement to benefits is concerned. The event of a victim's death activates the rights of statutory survivors to benefits under the Act. However, the activation of survivor's rights does not diminish or erase the victim's rights even though he now be a deceased victim. If it was intended that a victim's right to benefits be extin-

guished at his death, the legislature could have and would have said so directly.

[11] 'Victim' means an individual who suffers injury arising out of the maintenance or use of a motor vehicle; 'deceased victim' means a *victim* suffering death resulting from injury. [emphasis supplied] Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 103, 40 P.S. §§ 1009.103.

*Id.*, 504 Pa. at ——, 470 A.2d at 960–61 (emphasis in original).

Thus, *Freeze* has made it clear that the estate of a deceased victim may recover work loss benefits under the No-Fault Act.[2] The order is reversed and the case remanded for disposition not inconsistent with this opinion. Jurisdiction is relinquished.

2. Appellee argues that, in any event, the lower court's order dismissing the work loss claim as to Anna Swayze should be affirmed because "it is clear that [the 84 year old decedent] sustained no work loss which would be recoverable by her Estate." Brief for Appellee at 11. Of course, our holding does not require appellee to pay $15,000 in work loss benefits on behalf of each decedent *automatically.* Appellant must still meet all the requirements of the Act which necessitate a showing of the losses claimed. *See* Act of July 19, 1974, P.L. 489, No. 176, Art. II, §§ 201 and 205, 40 P.S. §§ 1009.202 and 1009.205. We *hold that appellant should be given the opportunity to make the* required showing of loss as to *each* decedent.